The Honorable Stuart Vess State Representative 6717 Pontiac Drive North Little Rock, AR 72116-5232
Dear Representative Vess:
This is in response to your request for an opinion on the following six questions concerning the administration of the municipal court in a city operating under the city manager form of government:
 1. What powers, if any, can the city manager (not the city board) lawfully execute over the administration of municipal court functions, including budget administration?
 2. How does A.C.A. § 14-47-120(4)(C) apply to limit city manager control over municipal court functions?
 3. Does the "administration of the annual budget" power given to the city manager under A.C.A. § 14-47-120(6) include the power to make unilateral denials of board approved budget items?
 4. Pursuant to A.C.A. § 14-47-125(a) and (b), is the city board the only entity that may alter the budget by board action, or can the board lawfully delegate that over to the city manager?
 5. Once the municipal court budget has been approved, can the city board alter the court's budget?
 6. Is the refusal by the city manager to provide previously approved funds to the municipal court a violation of A.C.A. § 14-55-101 and/or Article 7, § 1, of the Constitution of Arkansas?
RESPONSE
Question 1 — What powers, if any, can the city manager (not the cityboard) lawfully execute over the administration of municipal courtfunctions, including budget administration?
A definitive answer to this question will ultimately depend on the particular facts, including a review of city ordinances. Arkansas Code Annotated § 14-47-120(1) (1987) provides that "to the extent that such authority is vested in him through ordinance enacted by the board of directors, [the city manager] may supervise and control all administrative departments, agencies, offices, and employees." See also
Op. Att'y Gen. 95-419. Further, the city manager may perform such additional duties and exercise such additional powers as may, by ordinance, be lawfully delegated to him by the board of directors. A.C.A. § 14-47-120(11). Thus, as an initial matter, the ordinances of the municipality must be considered to determine the authority of the city manager.
The judicial power of the State is vested in the courts. Ark. Const. art. 7, § 1. Consequently, functions within the scope of the judicial authority and power of the municipal court are the exclusive province of the municipal judge. The authority that a city's governing body may generally exercise over the "administration" of a municipal court is, however, somewhat unclear.
It is my understanding that your question refers to the Maumelle Municipal Court. Under A.C.A. § 16-17-108(mmm), as amended by Act 1349 of 1997, the board of directors is granted the authority to determine, within a specified range, the salary of the municipal judge and the municipal court clerk. In addition, A.C.A. § 16-17-106 (Repl. 1994) provides that the municipal judge may, with the approval of the governing body of the city, appoint one or more deputy clerks. Further, A.C.A. §16-17-107(a) (Repl. 1994) states that any municipal court judge may appoint no more than two municipal court magistrates, who shall serve at the pleasure of the judge. This provision also provides that the appointment of magistrates shall be subject to the approval of the governing body of the city, that the city may discharge the magistrates, and that the magistrates shall receive such compensation as the governing body of the political subdivision funding the court deems appropriate. A.C.A. § 16-17-107.
With regard to other budgetary items, the board of directors would generally be responsible for determining the reasonableness of such expenses. See generally Op. Att'y Gen. 88-011. The Arkansas Supreme Court, however, has stated that the "separation of powers doctrine necessarily implies that a court has the constitutional authority to order these acts done which are necessary and essential for the court to operate." Venhaus v. State, 285 Ark. 23, 684 S.W.2d 252 (1985). Thus, it must be recognized that those expenses which are "necessary and essential for the court to operate" will essentially be determined by the court, as the city does not possess the authority, as a constitutional matter, to deny such expenses. See generally Venhaus, supra; Ops. Att'y Gen. 94-210
and 88-011.
Question 2 — How does A.C.A. § 14-47-120(4)(C) apply to limit citymanager control over municipal court functions?
Arkansas Code Annotated § 14-47-120 (1987) generally sets out the powers and duties of the city manager. In my opinion, A.C.A. § 14-47-120(4)(C) restricts the authority of the city manager regarding the appointment or removal of a municipal judge or clerk.
Section 14-47-120(4) provides that the city manager shall nominate, subject to confirmation by the board of directors, persons to fill all vacancies at any time occurring in any office, employment, board, authority, or commission to which the board's appointment power extends. The statute further provides that the city manager may also remove from office all officials and employees who under laws may be removed by the city's legislative body. Section 14-47-120(4)(C), however, provides:
 The provisions of this subdivision shall have no application to offices and employments controlled by any civil service or merit plan lawfully in effect in the city. Moreover, in cities maintaining municipal courts or police courts under the authority of any statute in effect, the municipal judge, police judge, and the clerk of any such court shall be elected and appointed in the manner prescribed by law.
Thus, the city manager's general authority with regard to the appointment and removal of municipal officers and employees is not applicable to the municipal court judge or clerk.
Question 3 — Does the "administration of the annual budget" power givento the city manager under A.C.A. § 14-47-120(6) include the power to makeunilateral denials of board approved budget items?
Although a conclusive determination will require a review of the particular facts and circumstances, it is my opinion that the answer to this question is generally "no." Arkansas Code Annotated § 14-47-120(6) provides that the city manager "shall prepare the municipal budget annually and submit it to the board for its approval or disapproval and be responsible for its administration after adoption." Initially, it should be noted that there is no general statute that dictates how the city manager administers the budget; however, the city manager may supervise and control all administrative departments, agencies, offices, and employees only to the extent that such authority is vested in him through ordinance enacted by the board. See A.C.A. § 14-47-120(1). Further, A.C.A. § 14-47-125(a) provides that "the approval by the board of directors of the budget shall amount to an appropriation for the purposes of the budget of the funds which are lawfully applicable to the different items therein contained." The board is granted the authority to alter or revise the budget from time to time, see A.C.A. § 14-47-125(b); however, there is no express statutory authority that permits the city manager to prohibit the expenditure of funds appropriated for an item.See also Response to question four.
Question 4 — Pursuant to A.C.A. § 14-47-125(a) and (b), is the city boardthe only entity that may alter the budget by board action, or can theboard lawfully delegate that over to the city manager?
In my opinion, the board of directors is the only entity that may "alter" the budget as contemplated in A.C.A. § 14-47-125. Section 14-47-125(b) provides that "the board may alter or revise the budget from time to time, and unpledged funds appropriated by the board for any specific purpose may, by subsequent action of the board, be appropriated to another purpose." (Emphasis supplied.) This provision contemplates that any such alteration of the budget will be made by the board of directors. Nevertheless, it must again be noted that the board may grant the city manager the authority to supervise and control all administrative departments, agencies, offices, and employees. A.C.A. § 14-47-120(1). Thus, depending upon the particular facts and circumstances, the city manager may have some authority to control and regulate the expenditure of funds appropriated by the board for a specific purpose. For example, the board could conceivably appropriate a lump sum to be used for the salaries of the street department employees, and the city manager could have the authority to determine whether or not a budgeted position needed to be filled.
Question 5 — Once the municipal court budget has been approved, can thecity board alter the court's budget?
As a general matter, the board of directors may alter or revise the city budget, including funds appropriated to the municipal court; however, each alteration or revision must be reviewed on a case-by-case basis. As previously discussed, A.C.A. § 14-47-125(b) specifically provides that the board of directors may alter or revise the budget from time to time, and unpledged funds appropriated by the board for any specific purpose may, by subsequent action of the board, be appropriated to another purpose. It should, however, be stated that (1) funds resulting from taxes levied under statute or ordinance for a specific purpose may not be diverted to another purpose and (2) appropriated funds may not be diverted to another purpose where any creditor of the municipality would be prejudiced. A.C.A. § 14-47-125(b). In addition, the city is without authority to deny expenses that the court determines are "necessary and essential for the court to operate." See Venhaus, supra. Finally, it should be noted that the board of directors may not reduce the salary of the municipal judge or clerk. See generally Ark. Const. amend. 43 (salary of judge may not be decreased during the term for which judge is elected); Op. Att'y Gen.90-196 (Quorum Court and City Council may not reduce salary of municipal judge during his elected term); A.C.A. § 14-42-113 (1987) (salaries of officials of cities of the first and second class may not be decreased during the term for which the officials have been elected or appointed).
Question 6 — Is the refusal by the city manager to provide previouslyapproved funds to the municipal court a violation of A.C.A. § 14-55-101and/or Article 7, § 1, of the Constitution of Arkansas?
As previously discussed, the city manager is generally without authority to prohibit the expenditure of funds appropriated for an item. In addition, it is possible that the refusal to provide funds could be in violation of the Arkansas Constitution if the municipal court determines the expenses are "necessary and essential for the court to operate."Venhaus, supra. The separation of powers doctrine necessarily implies that the municipal court has the constitutional authority to order actions which are "necessary and essential for the court to operate."Id. Nevertheless, whether the actions of the city manger are in violation of the Arkansas Constitution or a state statute would present a question of fact within the province of a court to decide.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh